# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| OCEANA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-1220 (ESH) |
| | ) | |
| PENNY PRITZKER, in her official capacity | ) | |
| as Secretary of the United States Department of | ) | |
| Commerce, *et al.* | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

The motion before the Court presents a challenging legal issue about the composition of the administrative record in an arbitrary-and-capricious challenge to agency action: whether deliberative-process documents are part of the "whole record" for purposes of judicial review. In the underlying action, plaintiff Oceana, Inc. ("Oceana"), a nonprofit advocacy organization, challenges a final rule promulgated by the National Marine Fisheries Service ("NMFS") in order to carry out the agency's statutory mandate related to bycatch reporting.[1] Oceana now moves to

---

[1] "Bycatch" refers to marine life, which, during the course of commercial fishing operations, is inadvertently captured or destroyed, and which is not ultimately sold or released alive. *See* 16 U.S.C. § 1802(2) (defining "bycatch" as "fish which are harvested in a fishery, but which are not sold or kept for personal use, and includes economic discards and regulatory discards," but does not include "fish released alive under a recreational catch and release fishery management program"); *see also* 50 C.F.R. § 600.350(c) (defining "bycatch" as "fish that are harvested in a fishery, but that are not sold or kept for personal use," including "the discard of whole fish at sea or elsewhere . . . and fishing mortality due to an encounter with fishing gear that does not result in capture of fish").

compel defendants to complete the administrative record by preparing a privilege log that includes all documents withheld on the grounds of the deliberative-process privilege.

It is undisputed that the NMFS did not include in the record numerous documents that defendants claim are protected from disclosure by the deliberative-process privilege, and it is undisputed that the NMFS did not document the omissions in a privilege log.  Oceana reasons that the administrative record is incomplete without those documents, or, at a minimum, without a privilege log detailing the omissions.  Defendants respond that the record is already complete, arguing that deliberative-process documents are not part of the administrative record and consequently need not be logged as privileged.  Upon consideration of the parties' briefs,[2] and for the reasons that follow, the Court agrees with defendants.  Oceana's motion will therefore be denied.

## BACKGROUND

This case arises under the Magnuson-Stevens Fishery Conservation and Management Act, 16 U.S.C §§ 1801–1884.  The Magnuson-Stevens Act sets forth the legal framework to "conserve and manage the fishery resources" of the United States.  *See id.* § 1801(b)(1).  The Magnuson-Stevens Act was amended in 1996 to require regional fishery councils or the Secretary of the NMFS to create fishery management plans that "establish a standardized reporting methodology to assess the amount and type of bycatch occurring in the fishery and

---

[2]  Before the Court are Oceana's motion to compel (Pl.'s Mot., Apr. 16, 2016, ECF No. 13), defendants' opposition (Defs.' Opp'n, Apr. 29, 2016, ECF No. 14), Oceana's reply (Pl.'s Reply, May 6, 2016, ECF No. 15), and both parties' supplemental briefs (Pl.'s Suppl. Br., July 15, 2016, ECF No. 17; Defs.' Suppl. Br., July 20, 2016, ECF No. 18).  In addition, the Court heard oral argument on this matter on June 21, 2016.  Following the hearing, the Court ordered defendants to produce 25 documents for *in camera* review.  (Minute Order, June 21, 2016.)  The motion before the Court is resolved as a matter of law, and thus, the *in camera* review did not affect the disposition of this motion.

include conservation and management measures that . . . minimize bycatch[] and . . . the mortality of bycatch."  Pub. L. No. 104-297, 110 Stat. 3559 (1996) (codified as amended at 16 U.S.C. § 1853(a)(11)).

Pursuant to this amendment, on June 30, 2015, the NMFS promulgated as a final rule an "omnibus amendment" for a standardized bycatch reporting methodology ("SBRM") for all thirteen of the federal fisheries in the Northeast region.  80 Fed. Reg. 37,182 (June 30, 2015). Oceana thereafter filed this lawsuit, alleging that the 2015 SBRM omnibus amendment "fails to address . . . fundamental legal flaws" of the prior SBRM omnibus amendment, perpetuates the NMFS's "practice of underfunding and marginalizing its bycatch monitoring systems," and therefore "undermine[s] rather than advance[s] the goals established by Congress."  (Compl. ¶¶ 4, 6, ECF No. 1.)

This is not the first time that Oceana has brought a legal challenge to the NMFS's attempts to comply with the Magnuson-Stevens Act's SBRM mandate.  In 2008, Oceana filed a similar lawsuit challenging the NMFS's 2008 SBRM omnibus amendment for the same thirteen federal fisheries.  *Oceana v. Locke et al.*, 725 F. Supp. 2d 46 (D.D.C. 2010) ("*Oceana I*"), *rev'd*, 670 F.3d 1238, 1239 (D.C. Cir. 2011) ("*Oceana II*"); *see* 73 Fed. Reg. 4736, 4737 (Jan. 28, 2008).  In the prior action, this Court granted summary judgment in favor of defendants and dismissed the case with prejudice.  *Oceana I*, 725 F. Supp. 2d at 70.[3]  On appeal, the D.C. Circuit reversed the grant of summary judgment and remanded to this Court, with orders to "vacat[e] the

---

[3]  Prior to granting summary judgment for defendants, this Court affirmed, over Oceana's objections, the magistrate judge's decision denying Oceana's motion to compel completion of the administrative record.  *Oceana v. Locke et al.*, 634 F. Supp. 2d 49, 51 (D.D.C. 2009), *affirming Oceana v. Locke et al.*, No. 08-cv-318, 2009 WL 1491516 (D.D.C. May 28, 2009) (Kay, M.J.).  The Court of Appeals expressly did not reach the merits of the denial of the motion to compel when it reviewed the grant of summary judgment.  *Oceana II*, 670 F.3d at 1243.

Amendment and remand[]" the matter to NMFS "for further proceedings." *Oceana II*, 670 F. 3d at 1243.  Following this Court's remand to NMFS, the agency promulgated as a final rule the new SBRM omnibus amendment at issue in this case.  *See* 80 Fed. Reg. 37,182 (June 30, 2015).  Oceana has again challenged the agency action as "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  (Compl. ¶ 21 (quoting 5 U.S.C. § 706(2)(A)).)

In connection with this lawsuit, the NMFS filed the administrative record for its 2015 SBRM omnibus amendment rulemaking.  (Admin. Rec., Nov. 24, 2015, ECF No. 7.)[4]  After the parties met and conferred about the scope and contents of the record, the agency filed a superseding, supplemented administrative record.  (Suppl. Admin. Rec., Apr. 15, 2016, ECF No. 12.)  The supplemented administrative record added "certain documents for which the parties were able to reach agreement."  (Defs.' Opp. at 4.)  That supplemented record also contained a modified privilege log that omitted the entries for 21 documents that had been listed as withheld on the original privilege log as deliberative-process documents.  (Pl.'s Mot. at 13 n.49.)[5]  Oceana then filed this motion to compel.

In this discovery dispute, Oceana asks the Court to order defendants to (1) "conduct a complete review of its agency files, including email correspondence involving key policymakers and stakeholder[s] involved with the development of the SBRM process"; (2) "produce the complete [] Administrative Record by including all such responsive documents from that search"; and (3) "in the case of any relevant document withheld based on deliberative process

---

[4]  Defendants submitted documents comprising the "2008 Administrative Record"—those that pertain to the 2008 SBRM omnibus amendment–and another set of documents related to the 2015 SBRM omnibus amendment process, the "2015 Administrative Record."

[5]  Twenty of the 21 documents were logged as withheld based on the deliberative-process privilege.  The final document was claimed to be attorney work product.  Defendants now maintain that all 21 documents are predecisional and deliberative and that their inclusion in the original privilege log was unnecessary and accidental.

claims (or any other asserted privilege or protection), to list each document on a privilege log with detail sufficient to allow Oceana and the Court to evaluate the claim."  (Pl.'s Mot. at 3.)

Given the nature of Oceana's requests, and given the undisputed fact that there are deliberative-process documents that have not been included in the record or logged as privileged, the disposition of the motion depends on whether deliberative materials should be included in the administrative record for judicial review, and if so, whether defendants must file a privilege log documenting the materials withheld pursuant to that privilege.

## ANALYSIS

### I.   LEGAL STANDARD

As this case arises under the Magnuson-Stevens Act, the Court's review is cabined by the Administrative Procedure Act, 5 U.S.C. § 706 ("APA").  *See* 16 U.S.C. § 1855(f)(1).  The APA directs courts to "review the whole record or those parts of it cited by a party."  5 U.S.C. § 706. The Supreme Court has explained that the "whole record" refers to "the full administrative record that was before the [agency] at the time [it] made [its] decision."  *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971), *abrogated on other grounds by Califano v. Sanders,* 430 U.S. 99, 97 (1977); *see IMS, P.C. v. Alvarez*, 129 F.3d 618, 623 (D.C. Cir. 1997) ("It is a widely accepted principle of administrative law that the courts base their review of an agency's actions on the materials that were before the agency at the time its decision was made."); *Walter O. Boswell Mem'l Hosp. v. Heckler*, 749 F.2d 788, 792 (D.C. Cir. 1984) ("If a court is to review an agency's action fairly, it should have before it neither more nor less information than did the agency when it made its decision.").[6]  As a general matter, "[t]he task of

---

[6]  The parties agree that the "whole record" includes "all documents and materials that the agency directly or indirectly considered."  (Pl.'s Suppl. Br. at 1 (quoting *Maritel, Inc. v. Collins*, 422 F. Supp. 2d 188, 196 (D.D.C. 2006)); Defs.' Suppl. Br. at 1 (quoting *Pac. Shores Subdiv.,*

the reviewing court is to apply the appropriate APA standard of review to the agency decision

based on the record the agency presents to the reviewing court." *Florida Power & Light Co. v.

Lorion*, 470 U.S. 729, 743–44 (1985) (citation omitted).

   The agency whose action is challenged "is entitled to a strong presumption of regularity

that it properly designated the administrative record." *Dist. Hosp. Partners, L.P. v. Sebelius*, 971

F. Supp. 2d 15, 20 (D.D.C. 2013) ("*Dist. Hosp. I*"), *affirmed sub nom. Dist. Hosp. Partners, L.P.

v. Burwell*, 786 F.3d 46 (D.C. Cir. 2015) ("*Dist. Hosp. II*") (quoting *Pac. Shores Subdiv., Cal.

Water Dist. v. U.S. Army Corps of Eng'rs*, 448 F. Supp. 2d 1, 5 (D.D.C. 2006)).  Because of this

presumption, "[s]upplementation of the administrative record is the exception, not the rule." *Id.*

(quoting *Pac. Shores*, 448 F. Supp. 2d at 5)).

   There are two grounds on which a party may seek "supplementation" of the

administrative record.  First, a party may request the disclosure of "evidence that should have

been properly a part of the administrative record but was excluded by the agency." *Id.* (quoting

*WildEarth Guardians v. Salazar*, 670 F. Supp. 2d 1, 5 n.4 (D.D.C. 2009)).  For clarity, the Court

will refer to compelling discovery on the first ground as *completion* of the administrative record.

Second, a party may request disclosure of "extrajudicial evidence that was not initially before the

agency but the party believes should nonetheless be included in the administrative record." *Id.*

(quoting *WildEarth Guardians*, 670 F. Supp. 2d at 5 n.4).  The Court will refer to compelling

discovery on the second ground as *supplementation* of the administrative record.  Oceana

fashions its motion as one for *completion*, arguing that the agency omitted from the record

---

*Cal. Water Dist. v. U.S. Army Corps of Eng'rs*, 448 F. Supp. 2d 1, 4 (D.D.C. 2006)).).  However,
the gravamen of the dispute before the Court is whether predecisional and deliberative
documents are part of the "whole record" that the agency "directly or indirectly considered."

materials that it directly or indirectly considered in making its decision.  (*See* Pl.'s Mot. at 3

("The Administrative Record . . . fails to meet minimum standards of completeness").)

Courts may not compel an agency to complete the administrative record unless the

moving party can overcome the presumption of regularity.  *Dist. Hosp. I*, 971 F. Supp. 2d at 20.

In order to do so, the party seeking completion must present "non-speculative, concrete evidence

to support their belief that the specific documents allegedly missing from the administrative

record were directly or indirectly considered by the actual decision makers involved in the

challenged agency action."  *Id.* (citing *WildEarth Guardians*, 670 F. Supp. 2d at 5).  The moving

party "must identify the materials allegedly omitted from the record with sufficient specificity, as

opposed to merely proffering broad categories of documents and data that are 'likely' to exist as

a result of other documents that are included in the administrative record."  *Id*. at 20–21 (quoting

*Banner Health v. Sebelius,* 945 F. Supp. 2d 1, 17 (D.D.C. 2013)). [7]

In challenges to agency action, the deliberative process privilege protects from discovery

materials that are "pre-decisional" and "deliberative."  *See, e.g.*, *Judicial Watch, Inc. v.*

*Department of Energy*, 412 F.3d 125, 129 (D.C. Cir. 2005).  "Pre-decisional" documents are

---

[7]  Other district courts in this Circuit have noted that there exists "some confusion" about the
showing a party must make to justify a court order to complete the administrative record.  *E.g.*,
*Univ. of Colorado Health at Mem'l Hosp. v. Burwell*, 151 F. Supp. 3d 1, 13 (D.D.C. 2015) *on
reconsideration*, 164 F. Supp. 3d 56 (D.D.C. 2016) (citing *The Cape Hatteras Access Pres.
Alliance v. U.S. Dep't of Interior*, 667 F. Supp. 2d 111, 113 (D.D.C. 2009)).  As Judge Contreras
explained, the term "supplement" has been used to describe situations both where a party claims
the record is incomplete ("record completion") and where a party seeks extra-record material
("record supplementation").  *See id*. (citing *Cape Hatteras Access Pres. Alliance*, 667 F. Supp.
2d at 113).  "Perhaps because of that dual use, courts in this district have regularly invoked the
language from [record supplementation cases] —and have asked whether a party has shown the
existence of one of the 'unusual circumstances'" required for record *supplementation* requests,
even when considering a request for record *completion*.  *Id.*  Because this motion is resolved on
different grounds, the Court need not address the parties' dispute over whether Oceana must
show "unusual circumstances" to prevail on its motion to compel completion of the record.

those "prepared in order to assist an agency decisionmaker in arriving at his decision rather than

to support a decision already made." *Nat'l Ass'n of Home Builders v. Norton*, 309 F.3d 26, 39

(D.C. Cir. 2002) (citation and quotation marks omitted).  "Deliberative" materials are those that

"reflect[] the give-and-take of the consultative process." *Id.*  The gravamen of the present

dispute is whether these predecisional and deliberative documents are part of the administrative

record.

## II.    APPLICATION

In this case, the documents that Oceana seeks to compel exist.  If Oceana were correct

that these predecisional and deliberative documents are properly part of the "whole record," the

presumption of regularity would not be an obstacle to Oceana's requests.  However, Oceana

cannot overcome the "insurmountable hurdle" that, in arbitrary-and-capricious challenges to

agency action, any documents that fall under the deliberative process privilege "are unavailable

under the clear command of the D.C. Circuit."  *See Blue Ocean Institute, et al. v. Gutierrez et al.*,

503 F. Supp. 2d 366, 371–72 (D.D.C. 2007) (citing *In re Subpoena Duces Tecum Served on*

*Office of Comptroller of Currency*, 156 F.3d 1279, 1279 (D.C. Cir. 1998)).  Consequently,

Oceana cannot demonstrate that the record is incomplete.

In many challenges to agency action in which parties seek completion or supplementation

of the record, it is not clear whether the sought-after documents actually exist.  *See, e.g., Dist.*

*Hosp. I*, 971 F. Supp. 2d at 20–21.  That is not an issue here.  First, there are 21 documents that

were initially omitted from the administrative record and logged as privileged.  When defendants

filed the supplemented record, those 21 documents were not included as part of the record, and

the entries were deleted from the privilege log.  Defendants have also conceded that there exists

"numerous" "email exchanges, drafts of documents, and other deliberative documents."  (*See*

Defs.' Opp., Decl. of John K. Bullard ¶ 9.)  Defendants later represented that "[t]he total universe

of all non-record documents initially excluded from the record is approximately 5,000

documents."  (E-mail from Hubert Yang, U.S. Dep't of Justice, Envtl. & Natural Res. Div., to

Brian Gilmore, Law Clerk to the Hon. Ellen Segal Huvelle (July 6, 2016, 8:59 p.m. EST).)

      As this Court has previously noted, "[t]he law is clear: predecisional and deliberative

documents 'are not part of the administrative record to begin with,' so they 'do not need to be

logged as withheld from the administrative record.'"  *Oceana I*, 634 F. Supp. 2d at 52 (quoting

*Nat'l Ass'n of Chain Drug Stores*, 631 F. Supp 2d at 27).  Then-Chief Judge Lamberth's opinion

is instructive in this regard:

> Deliberative documents are excluded from the record because, when a party
> challenges agency action as arbitrary and capricious, the reasonableness of the
> agency's action "is judged in accordance with its stated reasons." "[T]he actual
> subjective motivation of agency decisionmakers is immaterial as a matter of law–
> unless there is a showing of bad faith or improper behavior."

*Nat'l Ass'n of Chain Drug Stores*, 631 F. Supp 2d at 27 (quoting *In re Subpoena Duces Tecum*,

156 F.3d at 1279).  As "immaterial to the court's decision, [predecisional and deliberative

documents] are not designated part of the administrative record that forms the basis of the court's

decision."  *Id.* (citing *In re Supoena Duces Tecum*, 156 F.3d at 1279).

      This has been the consistent position of courts in this jurisdiction.  *See, e.g., Am.*

*Petroleum Tankers Parent, LLC v. United States,* 952 F. Supp. 2d 252, 267 (D.D.C. 2013) ("the

Defendants are entitled to rely on the deliberative process privilege, and are not required to

submit a log of privileged documents"); *Nat'l Ass'n of Chain Drug Stores v. U.S. Dep't of Health*

*and Human Serv.,* 631 F.Supp.2d 23, 27 (D.D.C. 2009), *rev'd on other grounds,* 670 F.3d 1238

(D.C. Cir. 2011) ("Defendants do not need to produce a privilege log describing documents

withheld from the administrative record."); *General Elec. Co. v. Jackson,* 595 F. Supp. 2d 8, 18

(D.D.C. 2009) (rejecting argument that agency's "practice of excluding irrelevant and pre-decisional deliberative documents from the administrative record results in a skewed record," because "irrelevant documents *should* be excluded from the record," and "an agency generally may exclude material that reflects internal deliberations"); *Stand Up for California!* 71 F. Supp. 3d at 123 ("[P]rivileged and deliberative materials are not part of the administrative record as a matter of law."); Order at 2–3, *Greater Yellowstone Coal. v. Kempthorne,* No. 07–CV–2111, 2008 WL 2900439 (D.D.C. May 23, 2008) (Dkt. No. 54) (denying motion to compel privilege log of unproduced deliberative materials because "[a]ny evidence of the [agency's] internal deliberative work is irrelevant" and plaintiffs did not show that administrative record was incomplete); *Blue Ocean Inst. v. Gutierrez,* 503 F. Supp. 2d 366, 372–73 (D.D.C. 2007) (denying motion to compel completion of administrative record, finding that deliberative documents "are not a part of the administrative record when an agency decision is challenged as arbitrary and capricious," and rejecting plaintiff's argument that agency must assert deliberative process privilege); *see also Norris & Hirshberg, Inc. v. SEC,* 163 F.2d 689, 693 (D.C. Cir. 1947) ("[I]nternal memoranda made during the decisional process [ ] are never included in a record.").

Oceana's reliance on *Nat'l Courier Ass'n v. Bd. Of Gov. of Fed. Reserve Sys.*, 516 F.2d 1229 (D.C. Cir. 1975), to argue to the contrary appears to be misplaced.  In that case, the petitioners sought disclosure of the redacted portions of internal agency memoranda, the remainder of which had been turned over by the agency as part of the administrative record.  *Id.* at 1241.  The D.C. Circuit reasoned that, if the petitioners were correct that "the deleted material contains facts not otherwise in the record. . . .[,] [s]uch facts would certainly constitute 'evidence' which should be included in the record."  *Id.*  The Court of Appeals conducted an *in*

*camera* review before finding "no significant omission" and denying the petition. *Id.* at 1243.

Indeed, "[p]urely factual material is, after all, not deliberative, and the agency has no good

reason to withhold it." *Id.* But Oceana has not offered evidence–or even alleged–that the

communications it seeks contain factual material not otherwise included in the record.

Moreover, *Nat'l Courier* cannot carry the day for Oceana in light of subsequent D.C. Circuit

decisions.

Subsequent to *Nat'l Courier*, the D.C. Circuit explained that, where, as here, agency

action has been challenged as arbitrary and capricious, predecisional and deliberative materials

which have not been included in the administrative record are "immaterial" absent a showing of

bad faith or improper behavior by the agency. *In re Subpoena Duces Tecum*, 156 F.3d at 1279;

*see San Luis Obispo Mothers for Peace v. U.S. Nuclear Regulatory Comm'n*, 789 F.2d 26 (D.C.

Cir 1986) (en banc) (requiring a showing of bad faith before evaluating an agency's internal

deliberations). The Court of Appeals has discouraged courts from delving into the internal

deliberations of agencies, even to evaluate a claim of privilege, absent a showing of bad faith.

Sitting en banc in *San Luis Obispo Mothers for Peace*, the Court of Appeals denied the

petitioner's request to supplement the administrative record with transcripts of agency meetings.

789 F.2d at 46. Interpreting the Supreme Court's opinion in *Citizens to Preserve Overton Park*

*v. Volpe*, 401 U.S. 402 (1971), the Court of Appeals held that the party seeking supplementation

must show that the agency had acted "improperly or in bad faith" before the court could order

the agency to disclose the transcripts. *Id.* at 45 (plurality opinion).[8] But Oceana does not claim

bad faith on the part of NMFS.

---

[8]  Judge Bork wrote for a plurality of the D.C. Circuit as to that section of the opinion. But a
majority of the Circuit agreed that there had to be a showing of bad faith in order to supplement
the record. According to the plurality, the hearing transcript itself could not furnish the evidence

The presumed exemption from the administrative record of deliberative process materials makes good sense.  The deliberative process privilege is aimed at "enhanc[ing] the quality of agency decisions by protecting open and frank discussion among those who make them within the Government."  *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8–9, (2001) (citation and quotation marks omitted).  Protecting those communications "rests on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news."  *Id.*  The courts' incursion into the deliberations of agencies, even to evaluate the deliberative process privilege, should not extend to situations where there is no evidence of bad faith.  As Judge Bork explained,

> [S]uch cases [where a court is warranted in examining the deliberative proceedings of the agency] must be the rare exception if agencies are to engage in uninhibited and frank discussions during their deliberations.  Were courts regularly to review the transcripts of agency deliberative proceedings, the discussions would be conducted with judicial scrutiny in mind.  Such agency proceedings would then be useless both to the agency and to the courts.  We think the analogy to the deliberative processes of a court is an apt one.  Without the assurance of secrecy, the court could not fully perform its functions.

*San Luis Obispo Mothers for Peace*, 789 F.2d at 45 (en banc) (plurality opinion).

The Court is also mindful that requiring all predecisional and deliberative documents to be logged in a *Vaughn*-type index would place a significant burden on agencies whose decisions are challenged as arbitrary and capricious.  Not only would plaintiff's position "transform the process of judicial review of administration decisions," it would, as is the case in FOIA litigation, require the agency to compile "all internal communications among agency officials

---

of bad faith; rather the requisite showing had to be made prior to any *in camera* review.  *Id.* at 45.  Judge Mikva, writing separately, would have required less: an "allegation, strongly supported by the record, affidavits, and specific references to the transcripts, that the agency has acted in bad faith or with improper purpose."  *Id.* (Mikva, J., concurring).  In other words, Judge Mikva would have allowed the content of the transcript itself to be part of the evidence of bad faith, but a showing bad faith would still be required.

pertaining to the claimed deficiency, catalogue them, and claim the deliberative process privilege where appropriate, which may be as to all of them." *Blue Ocean Institute, et al. v. Gutierrez et al.*, 503 F. Supp. 2d 366, 371 (D.D.C. 2007).  In this case, defendants would be required to review and log approximately 5,000 documents.  The review would, by defendants' estimate, take four to five staff members and one technical assistant approximately one month to complete. (*See* e-mail from H. Hubert Yang, U.S. Dep't of Justice, Envtl. & Natural Res. Div., to Brian Gilmore, Law Clerk to the Hon. Ellen Segal Huvelle (July 8, 2016, 5:38 p.m. EST).)  In addition, challenges to the appropriateness of the withholding of documents would require a court to determine which documents were directly or indirectly considered by a decision maker, which is a highly factual inquiry that could well involve discovery and evidentiary hearings.  The agency resources would not be well spent, given that those materials are "immaterial as a matter of law." *See In re Subpoena Duces Tecum*, 156 F.3d at 1279.

### CONCLUSION

Accordingly, and for the reasons stated above, plaintiff's motion to compel is **DENIED**. A separate Order accompanies this Memorandum Opinion.


/s/   *Ellen Segal Huvelle*
ELLEN SEGAL HUVELLE
United States District Judge

Date: November 4, 2016

13